1

List of parties and counsel on signature pages.

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

10

11

12

VOIP-PAL.COM, INC., a Nevada corporation,

                Plaintiff,

13

        v.

14

TWITTER, INC., a Delaware corporation,

15

                Defendant.

16

17

VOIP-PAL.COM, INC., a Nevada corporation,

18

                Plaintiff,

19

        v.

20

CELLCO PARTNERSHIP d/b/a/ Verizon Wireless, a Delaware corporation

21

22

                Defendant.

23

24

25

26

27

28

Case No. 5:18-cv-04523-LHK [Lead Case]

**DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFF'S COMPLAINTS**

**JURY TRIAL DEMANDED**

Case No. 5:18-cv-06054-LHK

VOIP-PAL.COM, INC., a Nevada corporation,

                 Plaintiff,

      v.

AT&T CORP, a Delaware corporation,

           Defendant.

Case No. 5:18-cv-06177-LHK

VOIP-PAL.COM, INC., a Nevada corporation,

                 Plaintiff,

      v.

APPLE INC., a California corporation,

           Defendant.

Case No. 5:18-cv-06217-LHK

This Opposition responds to Plaintiff VoIP-Pal's Administrative Motion for Leave to File a Sur-reply in Opposition to Defendants' Consolidated Motion to Dismiss ("Mot.").  AT&T ECF No. 71.  VoIP-Pal's Corrected Opposition ("Opp.") to Defendants' Motion to Dismiss is AT&T ECF No. 69, and Defendants' Reply ("Reply") is AT&T ECF No. 70.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff VoIP-Pal.com, Inc.'s ("VoIP-Pal") motion for leave to file a sur-reply should be denied because it is untimely under Civil L.R. 7-3(d)(1), it lacks merit as Defendants' Reply does not introduce new material evidence, and it attempts to introduce a *second* improper declaration from VoIP-Pal's technical expert.

VoIP-Pal's motion is untimely.  The stated objective of VoIP-Pal's motion for leave is to file a "sur-reply" "for the limited purpose of addressing new and extrinsic evidence" raised in Defendants' reply.  AT&T ECF No. 71-1 at 1.  Under Civil L.R. 7-3(d)(1), "if new evidence has been submitted in the reply, the opposing party may file [an Objection to Reply Evidence] within 7 days after the reply is filed."  Thus, the Local Rules provide a specific mechanism for responding to alleged new evidence—*i.e.*, the exact purpose VoIP-Pal articulates as the grounds for leave to file a Sur-Reply.  Yet VoIP-Pal filed its motion for leave on March 13—13 days after Defendants' filed their Reply on February 28, and well beyond the March 7 deadline under Civil L.R. 7-3(d)(1).

The parties met and conferred on March 12 about VoIP-Pal's planned motion, and Defendants informed VoIP-Pal that its motion for leave and "sur-reply" are beyond the Civil L.R. 7-3(d)(1) time limit.  VoIP-Pal identified no justification or good cause for being untimely, but nonetheless filed the motion on March 13, six days after the deadline.  The Court should deny the motion as untimely under Civil L.R. 7-3(d)(1).  *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1037 n.11 (N.D. Cal. 2011) (citing Civil L.R. 7-3(d)(1), the Court denied "Defendants requested leave to file objections to evidence cited by Volterra in support of its reply briefs").

VoIP-Pal attempts to skirt Civil L.R. 7-3(d)(1) by positioning its motion as a motion for administrative relief under Civil L.R. 7-11.  But a Civil L.R. 7-11 administrative motion is not the

proper vehicle for VoIP-Pal's requested relief. Civil L.R. 7-11 is reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or **local rule** or standing order of the assigned judge." Civil L.R. 7-11. Here, VoIP-Pal's motion is not administrative—e.g., requesting to exceed page limits or file documents under seal—it is an attempt to file an untimely Objection to Reply Evidence, which is governed by Civil L.R. 7-3(d)(1). VoIP-Pal's motion is thus improper under Civil L.R. 7-11.

The motion for leave also fails on the merits. VoIP-Pal contends the YouTube video depicting switchboard operators in the 1940s is new evidence. Not so. VoIP-Pal's Corrected Opposition to Defendants' Motion to Dismiss questioned "the historical fact that telephone operators routed calls in some fashion" for lacking foundation. Opp. at 20. In the Reply, Defendants' noted that the historical fact is readily ascertainable and properly subject to judicial notice, and as an example cited the YouTube video. Reply at 9 ("*See, e.g.,* Telephone Technology – 1940s–USA, YouTube, *available at* https://www.youtube.com/watch?v=1801JMLNV9U.").

Defendants did not introduce the YouTube video as evidence in the proceeding. Rather the video was cited as an example demonstrating that the historical fact that telephone operators routed calls is properly subject to judicial notice. Courts often take judicial notice of historical facts in deciding 12(b)(6) motions, and judicial notice is appropriate here. *Affinity Labs of Tex., LLC v. DirecTV, LLC*, 109 F. Supp. 3d 916, 926 (W.D. Tex. 2015) ("taking judicial notice of well-known, general historical observations was not error" and citing multiple cases where Federal Circuit has made historical observations on 12(b)(6) motions), *aff'd*, 838 F.3d 1253 (Fed. Cir. 2016). Thus, the YouTube video is not evidence, and VoIP-Pal's motion for leave is inapt.

Irrespective of the merits, the YouTube video relates to Defendants' analogy of how telephone operators routed calls, which merely illustrates the abstract nature of VoIP-Pal's asserted claims. As stated in the Reply, Defendants' "Motion does not depend on the Court's acceptance of this analogy." Reply at 8.

Notably, VoIP-Pal's motion for leave to file a sur-reply is a pretext to offer a **second** improper expert declaration in opposition to Defendants' Consolidated Motion To Dismiss. As

explained in Defendants' Reply, an expert declaration is not appropriate in opposition to a Rule 12 motion.  Reply at 15.  VoIP-Pal should not be allowed to use its proposed sur-reply as a means to introduce additional improper evidence.

Finally, VoIP-Pal's case citations are distinguishable.  In *Landmark Screens, Ltd. Liab. Co. v. Morgan, Lewis & Bockius Ltd. Liab. P'ship*, the "[d]efendants did not cite . . . [a case] in their moving papers, but [] discuss[ed the case] extensively in their reply brief."  No. 5:08-cv-02581-JF/HRL, 2010 U.S. Dist. LEXIS 95735, at *7 (N.D. Cal. Sep. 14, 2010).  In *Altavion, Inc. v. Konica-Minolta Sys. Lab., Inc.*, the "reply brief posed new arguments and relied upon cases which had not been previously cited."  No. C 07-06358 MHP, 2008 U.S. Dist. LEXIS 37768, at *2 n.1 (N.D. Cal. May 7, 2008).  And VoIP-Pal's citation to *Sharper Image Corp. v. Consumers Union of United States, Inc.*, does not explain why a sur-reply was granted.  Nos. 03-4094 MMC, 83, 208), 2004 U.S. Dist. LEXIS 23204, at *3 n.2 (N.D. Cal. Nov. 9, 2004) ("By order filed June 15, 2004, the Court granted Sharper Image leave to file a sur-reply").  In contrast to these cases, here there is no justification for a sur-reply.  VoIP-Pal takes issue with a YouTube video that is cited once in a footnote regarding judicial notice and is not discussed in any detail.  This is well short of introducing extensive discussion or new arguments.  VoIP-Pal's citations are thus inapplicable.

## **<u>CONCLUSION</u>**

For at least the foregoing reasons, VoIP-Pal's motion for leave to file a sur-reply should be denied.

1    DATED:  March 18, 2019

2
     By:___/s/ Gene W. Lee_____        By:___/s/ Megan S. Woodworth_____
3           Gene W. Lee                                 Megan S. Woodworth

4    PERKINS COIE LLP                            VENABLE LLP
     Gene W. Lee (*pro hac vice*)                Frank C. Cimino, Jr. (*pro hac vice*)
5    Thomas Matthew (*pro hac vice*)             Megan S. Woodworth (*pro hac vice*)
     30 Rockefeller Plaza 22nd Floor             600 Massachusetts Ave., NW
6    New York, NY 10112-0015                     Washington, D.C. 20001
     Telephone: (212) 262-6900                   Telephone: (202) 344-4569
7    Facsimile: (212) 977-1638                   Facsimile: (202) 344-8300
     GLee@perkinscoie.com                        mswoodworth@venable.com
8    TMatthew@perkinscoie.com                    fccimino@venable.com

9    Sarah Stahnke (SBN 264838)                  William A. Hector (SBN 298490)
     Amisha Manek (SBN 305163)                   101 California Street, Suite 3800
10   3150 Porter Drive                           San Francisco, CA 94111
     Palo Alto, CA 94304-1212                    Telephone: (415) 653-3750
11   Telephone: (650) 838-4300                   Facsimile: (415) 653-3755
     Facsimile: (650) 838-4489                   WAHector@venable.com
12   SStahnke@perkinscoie.com
     AManek@perkinscoie.com                      *Attorneys for Defendant Cellco Partnership*
13
     *Attorneys for Defendant Twitter, Inc.*
14

15   By:___/s/ Bryant C. Boren, Jr._____     By:___/s/ Peter C. Magic_____
            Bryan C. Boren, Jr.                          Peter C. Magic
16
     BAKER BOTTS LLP                             DESMARAIS LLP
17   Bryant C. Boren, Jr.                        John M. Desmarais (SBN 320875)
     1001 Page Mill Road, Bldg. One, St. 200     Ameet A. Modi (*pro hac vice*)
18   Palo Alto, CA 94304                         230 Park Avenue
     Telephone: (650) 739-7500                   New York, NY 10169
19   Facsimile: (650) 739-7601                   Telephone: (212) 351-3400
     bryant.c.boren@bakerbotts.com               Facsimile: (212) 351-3401
20                                               jdesmarais@desmaraisllp.com
     Wayne O. Stacy                              amodi@desmaraisllp.com
21   101 California Street, Suite 3600
     San Francisco, CA 94111                     Peter C. Magic (SBN 278917)
22   Telephone: (415) 291-6206                   pmagic@desmaraisllp.com
     Facsimile: (415) 291-6306                   101 California Street, Suite 3070
23   wayne.stacy@bakerbotts.com                  San Francisco, CA 94111
                                                 Telephone:  (415) 573-1900
24   *Attorneys for Defendant AT&T Corp.*        Facsimile:  (415) 573-1901

25                                               *Attorneys for Defendant Apple Inc.*

26

27

28

1    Samir A. Bhavsar (*pro hac vice*)
     Morgan Grissum (*pro hac vice*)
2    2001 Ross Avenue, Suite 900
     Dallas, Texas 75201
3    Telephone: (214) 953-6500
     Facsimile: (214) 661-4581
4    samir.bhavsar@bakerbotts.com
     morgan.grissum@bakerbotts.com
5
     Lauren J. Dreyer (*pro hac vice*)
6    1299 Pennsylvania Ave NW
     Washington, DC 20004
7    Telephone: (202) 639-7700
     Facsimile: (202) 639-7890
8    lauren.dreyer@bakerbotts.com

9    *Attorneys for Defendant AT&T Corp.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' OPPOSITION TO VOIP-PAL'S MOTION FOR
LEAVE TO FILE A SUR-REPLY
CASE NOS. 18-CV-04523, -06054, -06177, -06217-LHK

1

## ATTESTATION OF CONCURRENCE IN FILING

2          Pursuant to Northern District of California Local Rule 5-1(i)(3), I attest that concurrence

3   in the filing of this document has been obtained from the other Signatories to this document.

4

5                                    By:    /s/ Gene W. Lee
                                            Gene W. Lee

6                                    PERKINS COIE LLP
                                     Gene W. Lee
7                                    30 Rockefeller Plaza 22nd Floor
                                     New York, NY 10112-0015
8                                    Telephone: (212) 262-6900
                                     Facsimile: (212) 977-1638
9                                    GLee@perkinscoie.com

10

## CERTIFICATE OF SERVICE

11          The undersigned hereby certifies that on March 18, 2019, a true and correct copy of the

12  foregoing was served on all interested parties via electronic mail pursuant to Civil L.R. 5-1(h).

13

14                                          /s/ Gene W. Lee
                                            Gene W. Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Opposition to VoIP-Pal's Motion for
                                            Leave to File a Sur-Reply
                                            Case Nos. 18-cv-04523, -06054, -06177, -06217-LHK